**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ZAIRE WILSON,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **v.** | : | **No. 26-cv-0013** |
| **CHARLES LAWSON, et al.,** | : | |
| **Defendants.** | : | |

**MEMORANDUM OPINION**

This matter is before the Court on Defendants' Motions to Dismiss Plaintiff Zaire Wilson's Complaint for failure to state a claim under Rule 12(b)(6) and on qualified immunity grounds. *See* ECF Nos. 10, 13. Plaintiff contends that he was wrongfully arrested, prosecuted, and incarcerated in connection with the shooting death of his friend despite the fact that video surveillance of the incident clearly showed that he was not involved in the murder. Defendants contend the Complaint (ECF No. 1) fails to state a claim, and that they are entitled to qualified immunity. Upon consideration of the Motions, the memoranda in support thereof (ECF No. 18) and opposition thereto (ECF No. 16), and the video footage referenced in the Complaint and provided by the Parties,[1] the City Defendants' Motion to Dismiss (ECF No. 10) is granted in part as to certain Defendants, and the Motions are otherwise denied, as follows.

## I. LEGAL STANDARDS

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that

[1] *See* ECF No. 10, Exs. 1, 2; *see also* ECF No. 13, Ex, B; ECF No. 16, Ex. 1.

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678); *see also Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (holding that "a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility") (quoting *Twombly*, 550 U.S. at 555-556); *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir. 1994) ("[I]n considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), [courts] are required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant.").

As to Counts I through VI, "[t]o state a claim under section 1983, a plaintiff must demonstrate that 'some person has deprived him of a federal right . . . [and] that the person who has deprived him of that right acted under color of state or territorial law.'" *Halsey v. Pfeiffer*, 750 F.3d 273, 290 (3d Cir. 2014) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). Related claims under Pennsylvania Law concerning false arrest and imprisonment (Count VII),[2] malicious

---

[2]*Renk v. City of Pittsburgh*, 537 Pa. 68, 76 (1994) ("The elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention . . . A police officer may be held liable . . . for false imprisonment when a jury concludes that he did not have probable cause to make an arrest."); *cf. Est. of Smith v. Marasco*, 318 F.3d 497, 514 (3d Cir. 2003) ("[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.") (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)).

prosecution (IIX),[3] and civil conspiracy (Count X)[4] involve substantially similar factual elements to those asserted under federal law in cases like the one at bar.

With regard to Count VI, "[t]o be liable in this situation, a supervisor must have been involved personally, meaning through personal direction or actual knowledge and acquiescence, in the wrongs alleged." *McKenna v. City of Phila.*, 582 F.3d 447, 460 (3d Cir. 2009); *Santiago v. Warminster Twp.*, 629 F.3d 121, 131 (3d Cir. 2010) ("Particularly after *Iqbal*, the connection between the supervisor's directions and the constitutional deprivation must be sufficient to demonstrate a plausible nexus or affirmative link between the [directions] and the specific deprivation of constitutional rights at issue.") (internal quotations omitted). Section 1983 provides "a theory of liability under which 'a supervisor may be personally liable . . . if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations.'" *Id.* at 129 (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)).

---

[3]*Gilbert v. Feld*, 788 F. Supp. 854, 861 (E.D. Pa. 1992) ("Under Pennsylvania law, the tort of malicious prosecution has three elements: the defendant must have instituted proceedings against plaintiff (1) without probable cause and (2) with malice; and (3) the proceedings must have terminated in favor of the plaintiff."); *cf. Est. of Smith*, 318 F.3d at 521 ("To prove malicious prosecution under section 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.").

[4]*Gilbert*, 788 F. Supp. at 862 ("Civil conspiracy is actionable, under Pennsylvania law, when (1) an overt act is performed (2) in pursuit of the common purpose or design held by the conspirators, and (3) actual legal damage results."); *cf. Marchese v. Umstead*, 110 F. Supp. 2d 361, 371 (E.D. Pa. 2000) ("To state a section 1983 conspiracy claim, a plaintiff must allege: (1) the existence of a conspiracy involving state action; and (2) a depravation of civil rights in furtherance of the conspiracy by a party to the conspiracy . . .").

Finally, with respect to Defendants' qualified immunity defense, "[a]n official sued under § 1983 for an alleged constitutional violation is entitled to qualified immunity unless he (1) violated a constitutional right that (2) was clearly established when he acted." *Stringer v. Cnty. of Bucks*, 141 F.4th 76, 85 (3d Cir. 2025) (citing *George v. Rehil*, 738 F.3d 562, 571-72 (3d Cir. 2013)). While qualified immunity must be addressed "at the earliest possible stage in the litigation" and before discovery where possible, "qualified immunity will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint." *Stringer*, 141 F.4th at 85-86 (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). "[T]he burden of pleading a qualified immunity defense, like any other affirmative defense, rests with the defendant," and "because plaintiffs are not obligated to plead violation of clearly established law in order to avoid dismissal on qualified immunity grounds . . . even well-pleaded complaints may not include sufficient facts to allow a court to" conclude that qualified immunity applies. *Id.*, 141 F.4th at 86-88 (internal punctuation omitted).

## II. <u>ANALYSIS</u>

### A. Motions to Dismiss for Failure to State a Claim

The Court has carefully reviewed the video footage of the incident leading to Plaintiff's arrest (ECF No. 10, Exs. 1, 2; ECF No. 13, Ex, B; ECF No. 16, Ex. 1), and may consider the recordings on motions to dismiss, without converting those motions into motions for summary judgment, because the video is integral to and referenced throughout the Complaint. ECF No. 1, ¶¶ 2, 85, 87-88, 123, 123, 130-132, 134, 136-137, 140, 144-145, 150-151, 155-156, 160, 163, 167, 170-172 (showing the words "video" and "footage" appear over fifty times throughout the Complaint); *see In re Rockefeller Center Properties, Inc. Securities Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) ("[A] court may consider certain narrowly defined types of material without converting

the motion to dismiss . . . [such as] a document integral to or explicitly relied upon in the complaint."); *James v. Brant*, No. 22-106, 2024 WL 23380, at *6 (W.D. Pa. Jan. 2, 2024) (reasoning that "the surveillance video is both 'integral to [and] explicitly relied upon'" because the complaint "relies on the video to show that [the officer defendant] provided allegedly false information to the affiant, which forms the basis of his claims. Therefore, the Court can properly consider the surveillance video in deciding [the] motion to dismiss").

Based on its review of the footage, viewed together with the factual allegations set forth in the Complaint, and viewed in the light most favorable to Plaintiff, the Court finds that recordings sufficiently support Plaintiff's claims that the officers who reviewed the footage would have realized that Plaintiff was not the shooter, the shooter's accomplice or co-conspirator. Indeed, the footage appears to show Plaintiff reacting to the shooting with a degree of surprise and distress inconsistent with liability for the offense. Thus, the Court concludes the allegations based on the acts of officers who allegedly reviewed the video, and whom the Complaint alleges nevertheless knowingly took steps to implicate Plaintiff in, and initiate prosecution for, the shooting are well pleaded in this action. *See, e.g.,* ECF No. 1, ¶¶ 88-90, 129, 140, 145, 149, 163, 211. This does not, however, mean that the Complaint has pleaded sufficient facts against all Defendants – and, indeed, the Court finds that the allegations are deficient as to many of the City Defendants.

With these observations in mind, the City Defendants' Motion to Dismiss (ECF No. 10) is granted with respect to Defendants Martella, Getz, Dydak, Little, Somogyi, Jang, Burgos, and Gilson for failure to plead facts sufficient to state a plausible claim on which relief may be granted. The Complaint merely pleads that these Defendant officers were employed by the Philadelphia Police Department, and that they "collaborated closely" with other officers on the investigation. *See* ECF No. 1, ¶¶ 16-22, 24, 106, 210. These allegations are insufficient to withstand a motion to

dismiss under Fed. R. Civ. P. 12(b)(6). *Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions" in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests.") (cleaned up); *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

The City Defendants' Motion to Dismiss (ECF No. 10) is also granted with respect to Defendants Doyle, Walsh, and Kearney because bare allegations of their supervisory role, a "belief" that they watched the video, and that Kearney was "personally involved in the investigation" are insufficient to support a claim for supervisor liability under Section 1983. *See* ECF No. 1, ¶¶ 143, 155-156, 159, 210; *Santiago*, 629 F.3d at 131 ("[A] plaintiff must allege a causal connection between the supervisor's direction and that [constitutional] violation . . . proximate cause is established where the supervisor gave directions that the supervisor knew or should reasonably have known would cause others to deprive plaintiff of her constitutional rights.") (internal quotations omitted); *see also Lawal v. McDonald*, 546 F. App'x 107, 114 (3d Cir. 2014) (granting leave "to resolve the ambiguity regarding the precise actions each individual defendant allegedly took . . . whether each Defendant personally engaged in the acts or if the actions were taken at the specific Defendant's direction").

With respect to the remaining Defendants, the Court finds that Plaintiff has pleaded claims sufficient to withstand a motion to dismiss under Rule 12(b)(6). Specifically, the Complaint alleges that Defendants Larson and Carney, acting "with the approval of and at the direction of Defendants Lawson and Trower," reviewed the relevant surveillance footage and, "despite knowing that

Plaintiff was innocent," proceeded to "falsely implicat[e] Plaintiff as a suspect." The Complaint further alleges that, when Defendants Trower and Lawson came to have doubts about Plaintiff's guilt, "despite knowing that Plaintiff was innocent . . . permitted him to remain in custody for a shooting he did not commit." *See*, *e.g.*, ECF No. 1, ¶¶ 85-91, 95, 97, 119-121. Similarly, Plaintiff alleges that Defendants Fahy, Mark Johnson, Lt. Johnson, and Nowakowski "reviewed the video footage that exculpated Plaintiff themselves," and "knowing or at least recklessly disregarding the fact that Plaintiff was innocent," proceeded to pursue criminal charges against Plaintiff. *Id.* ¶¶ 139-145. The allegations against Defendant Bayard also contend that he personally reviewed the video yet proceeded to prepare a false and misleading probable cause affidavit resulting in Plaintiff's arrest. *Id.* ¶¶ 155, 156-158, 160-166. And, while somewhat more attenuated, the Complaint alleges that Defendant Kelly also "reviewed the video footage that exculpated Plaintiff" and falsely implicated Plaintiff in the shooting in a report of an interview with Defendant Carney that was further distributed to other officers. *Id.* ¶¶ 137-138.

The Court observes that Plaintiff may have particular difficulty establishing his claims for outrageous conduct causing severe emotional distress (Count IX) under Pennsylvania law. *See Marchese*, 110 F. Supp. 2d at 372 ("[W]hen a defendant engages in conduct that is deliberate or reckless, extreme and outrageous, and causes emotional distress . . . the conduct complained of must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.") (internal quotations omitted). The Court, however, finds the pleadings to be sufficient at this stage to state a claim with respect to the remaining Defendants, subject to further challenges on summary judgment and/or at trial as may be appropriate.

### B. Qualified Immunity

Because the Court has found that Plaintiff failed to plead a valid cause of action setting forth violations of his constitutional rights with respect to Defendants Martella, Getz, Dydak, Little, Somogyi, Jang, Burgos, Gilson, Doyle, Walsh, and Kearney, the Court finds that those Defendants are also entitled to dismissal on qualified immunity grounds. This is true because "the first prong of the qualified immunity analysis – whether the facts alleged make out a violation of a constitutional right – fits like a glove at the motion-to-dismiss stage because it overlaps with a district court's inquiry under Rules 8(a) and 12(b)(6)." *Stringer*, 141 F.4th at 85 (citing *Kedra v. Schroeter*, 876 F.3d 424, 435 (3d Cir. 2017)).

With respect to the remaining Defendants, however, the Court does not find that the facts as pleaded in the Complaint establish that qualified immunity is applicable in this case. Further factual development is necessary to flesh out the "case-specific details needed to conduct the clearly established analysis," and the Court will deny the Motions with respect to the remaining Defendants to the extent they are based on qualified immunity, without prejudice to renewal of these arguments on summary judgment. *See Stringer*, 141 F.4th at 86 ("In such cases, the district court must deny the motion to dismiss and seek to resolve qualified immunity at summary judgment.").

## III. CONCLUSION

For the foregoing reasons, the City Defendants' Motion to Dismiss (ECF No. 10) is granted with respect to Defendants Martella, Getz, Dydak, Little, Somogyi, Jang, Burgos, Gilson, Doyle,

Walsh, and Kearney, with leave to amend. The Motions are otherwise denied, and an appropriate Order will follow.

Dated: November 13, 2026

/s/ Antonio M. Pozos
**ANTONIO M. POZOS, J.**